IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA BRASSRING, INC.,
    Plaintiff,

v.

VURV TECHNOLOGY, INC.,
    Defendant.

C.A. No.: 08-276 (SLR)

Jury Trial Demanded

## ANSWER

Defendant, Vurv Technology, INC ("Vurv"), answers Plaintiff's Complaint as follows:

### The Parties

1. As to Complaint, Paragraph 1, Vurv is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies these allegations.

2. As to Complaint, Paragraph 2, admitted.

### Jurisdiction

3. As to Complaint, Paragraph 3, admitted.

4. As to Complaint, Paragraph 4, denied.

5. As to Complaint, Paragraph 5, admitted.

### Count I

### Infringement of U.S. Patent No. 5,999,939 (the '939 patent)

6. As to Complaint, Paragraph 6, Vurv repeats its responses to the foregoing paragraphs and includes them herein by reference.

7. As to Complaint, Paragraph 7, Vurv is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 7, and therefore denies these allegations. As to the second sentence, admitted.

8. As to Complaint, Paragraph 8, denied.

9. As to Complaint, Paragraph 9, denied.

## Count II

### Infringement of U.S. Patent No. 6,996,561 (the '561 patent)

10. As to Complaint, Paragraph 10, Vurv repeats its responses to the foregoing paragraphs and includes them herein by reference.

11. As to Complaint, Paragraph 11, Vurv is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11, and therefore denies these allegations. As to the second sentence, admitted.

12. As to Complaint, Paragraph 12, denied.

13. As to Complaint, Paragraph 13, denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking any relief by the doctrine of laches.

### Third Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking any relief by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking any relief by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking any relief by the doctrine of unclean hands.

### Sixth Affirmative Defense

U.S. Patent No. 5,999,939, and U.S. Patent No. 6,996, 561 (the "Patents") and each claim thereof, are invalid because they do not comply with the statutory requirements of patentability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

### Seventh Affirmative Defense

Vurv has not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the Patents.

### Eighth Affirmative Defense

Plaintiff is estopped from asserting construction of any claim of the Patents that covers any act of Vurv or any product used by Vurv because of amendments and arguments made to the U.S. Patent and Trademark Office during prosecution of the applications that became the Patents to overcome prior art to obtain allowance of the claims of the Patents.

### Ninth Affirmative Defense

Plaintiff's attempted enforcement of the Patents against Vurv is barred by the doctrine of prosecution laches.

Tenth Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint to the extent that it is barred pursuant to 35 U.S.C. § 286.

Eleventh Affirmative Defense

Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint because Plaintiff has failed to comply with 35 U.S.C. § 287.

Twelfth Affirmative Defense

On information and belief, and subject to further amendment and/or supplements, the Patents and each claim thereof is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct because of the Plaintiff's, one or more of the inventors', or other person's acting on their behalf, conduct before the U.S. Patent and Trademark Office.

Vurv reserves the right to amend and/or supplement its affirmative defenses as its investigation of Plaintiff's allegations and the Patents and discovery in this matter progresses.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Vurv Technology, Inc. as its Counterclaim against Plaintiff and Counterclaim-Defendant Kenexa BrassRing, Inc alleges and avers:

**The Parties**

1.   Vurv Technology, Inc. ("Vurv") is a Delaware corporation having its corporate headquarters at 7660 Centurion Parkway, Suite 100, Jacksonville Florida 32256.

2.   Kenexa BrassRing, Inc. ("Kenexa") is a Delaware corporation having its corporate headquarters at 650 East Swedesford Road, Wayne, Pennsylvania 19087.

**Jurisdiction and Venue**

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   Venue is proper in this district under the provisions of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), and because Kenexa is a Delaware corporation.

Count I

Declaration of Non-infringement of the Patents

5.   Vurv repeats and realleges the foregoing paragraphs.

6.   Vurv has not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the Patents.

Count II

Declaration of Invalidity of the Patents

7.   Vurv repeats and realleges the foregoing paragraphs.

8.   The Patents, and each claim thereof, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

Count III

Declaration of Unenforceability of the Patents

9.   Vurv repeats and realleges the foregoing paragraphs.

10.  The Patents, and each claim thereof, are unenforceable because, *inter alia,* it was prosecuted by BrassRing, Kenexa, other assignees, the inventors, or persons acting on Kenexa's, other assignees' or the inventors' behalf, without fully informing the U.S. Patent and Trademark Office of all information material to the patentability of the Patents that was known to those persons having a duty of candor and good dealing with the U.S. Patent and Trademark Office regarding the patent applications that resulted in the 'Patents

Count IV

Tortious Interference with Advantageous Business Relationship

11.  Vurv repeats and realleges the foregoing paragraphs.

12.   By letters of August 12, 2005 and October 13, 2005, BrassRing, of 343 Winter Street Waltham Massachusetts 02451, on knowledge and belief a predecessor in interest to Kenexa, offered a license to U.S. Patent No. 5,999,939 to Vurv's predecessor in interest, Recruitmax Software ("Recruitmax"), of 7660 Centurion Parkway, Suite 100, Jacksonville Florida 32256.

13.  By letters of November 4, 2005, and December 8, 2005, Recruitmax, through counsel, declined the offered license.

14.  The letter of December 8, 2005, from Rectuitmax's counsel to BrassRing notes that BrassRing filed a declaratory judgment action on July 31, 2000 in U.S. District Court for the District of Massachusetts against Interactive Search, Inc., the assignee of U.S. Patent No. 5,999,939 alleging that "[t]he '939 patent is invalid for failure to meet conditions of patentability of 35 U.S.C. §101 et seq.," and that [t]he '939 patent is unenforceable due to inequitable conduct committed in procuring the '939 patent."

15. By letter of February 23, 2006, Rectuitmax's counsel, responding to BrassRing's letter of February 9, 2006, identifies prior art not cited to the U.S Patent and Trademark Office during a reexamination of U.S. Patent No. 5,999,939, and examination of U.S. Patent No. 6,996,561 (the other patent of the "Patents").

16. By letter of May 3, 2006, BrassRing restated its position to Rectuitmax's counsel, and by letter of June 2, 2006, Rectuitmax's counsel declined the patent license offered.

17. For the next two years Kenexa/BrassRing made no further communication to Recruitmax/Vurv concerning the Patents.

18. On May 6, 2008, Taleo Corporation announced that it had signed an agreement to acquire Vurv Technology, Inc. for approximately $128.8 million in cash and stock.

19. On May 9, 2008, Kenexa filed the current lawsuit alleging that Vurv is making, using, importing, selling and/or offering to sell products covered by any claims of the Patents within the United States, and/or by contributing to or inducing such infringement.

20. Such action of Kenexa constitutes interference with prospective economic advantage and is done willfully and maliciously with the objective of interfering with Vurv's business relations with Taleo Corporation.

21. If not enjoined by this court, Kenexa's continuing such activities will be to the damage and detriment of Vurv, and Vurv has no adequate remedy at law.

22. Kenexa's improper actions have damaged Vurv and are the direct and proximate cause of the damages that Vurv has suffered. Such damage are in an amount uncertain at this time.

Count V

Deceptive and Unfair Trade Practices

23. Vurv repeats and realleges the foregoing paragraphs.

24. This Count is for unfair competition under the State of Delaware's Deceptive Trade Practices Act, 6 Del. C. §2532(a).

25. By reason of the foregoing, Kenexa knowingly misrepresented the validity and enforceability of the Patents and undertook to initiate and to maintain this Action and, in particular, has accused Vurv of making, using, importing, selling and/or offering to sell products covered by any claims of the Patents within the United States, and/or by contributing to or inducing such infringement with Kenexa's knowledge of the invalidity and unforceability of the Patents.

26. Kenexa's aforesaid misrepresentations are a deceptive trade practice in that it was making misleading representations of fact disparaging Vurv's goods, services and business and created a misunderstanding regarding Vurv.

27. Kenexa's aforesaid misrepresentations and conduct are deceptive trade practices under Delaware's Deceptive Trade Practices Act, 6 Del. C. §2532(a).

28. Kenexa's unlawful conduct has or will cause Vurv to suffer serious economic damage, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Vurv and the public, for which damage and injury Vurv has no adequate remedy at law.

29. Kenexa's improper actions are the direct and proximate cause of the damages that Vurv has or will suffer.

**PRAYER**

WHEREFORE, Vurv requests that this Court:

1. Enter judgment for Vurv on its Counterclaims;

2. Order Plaintiff, its officers, agents, employees, and attorneys, be enjoined pending the final adjudication of this action, and permanently thereafter, from charging or asserting that Vurv is making, using, importing, selling and/or offering to sell products covered by any claims of the Patents within the United States, and/or by contributing to or inducing such infringement.

3. Award damages in an amount to be determined at trial;

4. Award Vurv its reasonable attorneys' fees under 35 U.S.C. § 285; and

5. Award Vurv such other relief as the Court deems just and proper.

    */s/ Elizabeth M. McGeever*
Elizabeth M. McGeever (Bar ID No. 2057)
Prickett, Jones & Elliott P.A.
1310 King St.
Wilmington, DE 19801
phone 302-888-6521
fax 302-888-6554

Brian L. Michaelis
William L. Prickett
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
Tel:  (617) 946-4800
Fax: (617) 946-4801