IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA BRASSRING, INC.,

    Plaintiff,

v.

VURV TECHNOLOGY, INC.

    Defendant.

C. A. No.: 08-276-SLR

## REPLY TO COUNTERCLAIMS

Plaintiff Kenexa BrassRing, Inc., LLC ("Kenexa"), by its counsel, hereby responds to the respective numbered paragraphs of the Counterclaims recited by Defendant Vurv Technology, Inc. ("Vurv").

### The Parties

1. Upon information and belief, Kenexa admits the allegations of paragraph 1.

2. Admitted.

3. Paragraph 3 recites legal conclusions to which no response is necessary; however, Kenexa does not deny that the Court has subject matter jurisdiction over this action.

4. Paragraph 4 recites legal conclusions to which no response is necessary; however, Kenexa does not deny that venue is proper in this district.

### Vurv's Count I: "Declaration of Non-infringement of the Patents"

5. Kenexa repeats and realleges the foregoing paragraphs.

6. Denied.

### Vurv's Count II: "Declaration of Invalidity of the Patents"

7.  Kenexa repeats and realleges the foregoing paragraphs.

8.  Denied.

### Vurv's Count III: "Declaration of Unenforceability of the Patents"

9.  Kenexa repeats and realleges the foregoing paragraphs.

10. Denied.

### Vurv's Count IV: "Tortious Interference with Advantageous Business Relationship"

11. Kenexa repeats and realleges the foregoing paragraphs.

12. Kenexa admits the existence of correspondence between BrassRing Inc. and Recruitmax Software. However, paragraph 12 purports to characterize the correspondence in terms of various legal conclusions. The items of correspondence speak for themselves. Accordingly, Kenexa can neither admit nor deny the remaining allegations of paragraph 12.

13. Kenexa admits the existence of correspondence between BrassRing Inc. and Recruitmax Software. However, paragraph 13 purports to characterize the correspondence in terms of various legal conclusions. The items of correspondence speak for themselves. Accordingly, Kenexa can neither admit nor deny the remaining allegations of paragraph 13.

14. Kenexa admits the existence of correspondence between BrassRing Inc. and Recruitmax Software. However, paragraph 14 purports to characterize the correspondence in terms of various legal conclusions. The items of correspondence speak for themselves. Accordingly, Kenexa can neither admit nor deny the remaining allegations of paragraph 14.

15. Kenexa admits the existence of correspondence between BrassRing Inc. and Recruitmax Software. However, paragraph 15 purports to characterize the correspondence in terms of various legal conclusions. The items of correspondence speak for themselves.

Accordingly, Kenexa can neither admit nor deny the remaining allegations of paragraph 15.

16.     Kenexa admits the existence of correspondence between BrassRing Inc. and Recruitmax Software. However, paragraph 16 purports to characterize the correspondence in terms of various legal conclusions. The items of correspondence speak for themselves. Accordingly, Kenexa can neither admit nor deny the remaining allegations of paragraph 16. Additionally, Kenexa can neither admit nor deny the allegations of paragraph 16 insofar as the allegations purport to characterize the knowledge and conduct of Recruitmax Software.

17.     Denied.

18.     On information and belief, Kenexa admits that Taleo Corporation announced a potential acquisition of Vurv on or about May 6, 2008. Kenexa is without information as to the remaining allegations of paragraph 18.

19.     Kenexa admits the allegations that it filed the Complaint, which speaks for itself. Kenexa denies any allegations of paragraph 19 insofar as they intend any characterization of the Complaint.

20.     Denied.

21.     Denied.

22.     Denied.

### Vurv's Count V: "Deceptive and Unfair Trade Practices"

23.     Kenexa repeats and realleges the foregoing paragraphs.

24.     Kenexa can neither admit nor deny the allegations of paragraph 24 because the paragraph asserts legal conclusions.

25.     Denied.

26.     The paragraph purports to state a legal conclusion, which is not susceptible to an

admission or denial; however, Kenexa incorporates herein its foregoing denials regarding the recited alleged "misrepresentations" and "misleading representations of fact." Specifically, Kenexa denies any allegation that Kenexa has made any "misrepresentations" or any "misleading representations of fact" regarding "Vurv's goods services and business" or that Kenexa has "created a misunderstanding regarding Vurv."

27. The paragraph purports to state a legal conclusion, which is not susceptible to an admission or denial; however, Kenexa incorporates herein its foregoing denials regarding the recited alleged "misrepresentations and conduct."

28. Denied.

29. Denied.

### AFFIRMATIVE DEFENSES TO VURV'S COUNTERCLAIMS, COUNTS IV AND V

#### First Affirmative Defense

As a patentee, Kenexa's good-faith assertions of infringement by Vurv and prosecution of the present lawsuit cannot create liability and state a claim for "tortious interference with advantageous business relationship" or "deceptive and unfair trade practices."

#### Second Affirmative Defense

Kenexa has not – willfully, maliciously, or otherwise – interfered with Vurv's business relations with Taleo Corporation or any other person or entity.

#### Third Affirmative Defense

Kenexa has not had an "objective" to interfere with any business relations of Vurv.

#### Fourth Affirmative Defense

Kenexa has not "misrepresented" the validity and/or unenforceability of the patents-in-suit, as alleged by Vurv, nor has Kenexa misrepresented any aspect of its patent rights.

### Fifth Affirmative Defense

Vurv's Counterclaims otherwise fail to state a claim on which relief can be granted.

WHEREFORE, Kenexa requests that the Counterclaims be dismissed with prejudice, that the matter be declared an exceptional case and that it be awarded its attorneys' fees and costs and such other relief as the Court deems proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Matthew B. Lowrie<br>Robert J. Silverman<br>LOWRIE, LANDO & ANASTASI, LLP<br>One Main Street, Eleventh Floor<br>Cambridge, MA  02142<br> (617) 395-7000<br>mlowrie@LL-A.com<br>rsilverman@LL-A.com<br><br><br><br>Dated: June 18, 2008 | /s/ Frederick L. Cottrell, III<br>Frederick L. Cottrell, III (#2555)<br>Steven J. Fineman (#4025)<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>P. O. Box 551<br>Wilmington, DE  19899<br>(302) 651-7700<br>cottrell@rlf.com<br>fineman@rlf.com<br><br>Attorneys for Plaintiff<br>KENEXA BRASSRING, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Elizabeth M. McGeever
Prickett, Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE  19899-1328

I hereby certify that on June 18, 2008, the foregoing document was sent via Federal Express to the following:

Brian L. Michaelis
William L. Prickett
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028

　　　　　　　　　　　　　　　　　　　　　／s/ Frederick L. Cottrell, III
　　　　　　　　　　　　　　　　　　　　　Frederick L. Cottrell, III  (#2555)
　　　　　　　　　　　　　　　　　　　　　cottrell@rlf.com

RLF1-3291501-1