

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

August 20, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

Re: *Kenexa BrassRing, Inc. v. Vurv Technology Corp.*, C.A. No. 08-276-SLR

Dear Judge Robinson:

In advance of the Rule 16 scheduling conference set for tomorrow, August 21, 2008 at 9:00 a.m., enclosed for the Court's consideration is a proposed form of scheduling order that has been agreed upon by the parties. Because this action involves issues and/or parties in other actions pending before Your Honor (*Kenexa BrassRing, Inc. v. Taleo Corp.*, C.A. No. 07-521-SLR and *Kenexa Technology Inc. v. Taleo Corporation*, C.A. No. 08-387-SLR), the parties in these actions have been discussing the subject of consolidation and hope to have an agreed-upon motion for the Court's consideration in the near future.

If Your Honor should have any questions regarding the matter, counsel is available at the Court's convenience. Thank you.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC,III/afg

Enclosure
cc:   Elizabeth M. McGeever (via CM/ECF and email)
      Brian L. Michaelis (via CM/ECF and email)
      Robert J. Silverman (via CM/ECF and email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENEXA BRASSRING, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>VURV TECHNOLOGY, INC.,<br><br>       Defendant. | C. A. No.: 08-276-SLR |

### [PROPOSED] SCHEDULING ORDER

At Wilmington this _____ day of _____, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by <u>September 3, 2008</u>, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   (a) Discovery will be needed on the following subjects:

<u>By Plaintiff</u>: The infringement of the patents-in-suit, including the structure, manufacture, and operation of Defendant's products. Defendant's knowledge of Plaintiff's products and any analysis, reverse-engineering, and/or copying of Plaintiff's patented products. The benefits and advantages of the patented products. Defendant's awareness of Plaintiff's patent rights. Any advice or opinions that Defendant intends to rely upon for any assertion that the infringing acts might not have been performed willfully. The damages caused by the infringement, including the costs, revenues, and profits associated with Defendant's products and any accessory or convoyed sales. Defendant's intellectual property licensing practices.

Defendant's sales and marketing efforts associated with its products. The bases for Defendant's defenses and counterclaims.

By Defendant: Plaintiff's allegations and claims; prior art and Plaintiff's knowledge of prior art to the patents in suit; public use or sales of the alleged inventions set forth in the patents in suit; the prosecution of the patents in suit, including the reexamination of the '939 patent, and any inequitable conduct involved in any of the foregoing patent-prosecution activities, including misrepresentations or omissions made to the USPTO during those patent-prosecution activities; the factual bases supporting the knowledge or good-faith beliefs of BrassRing and its counsel in the Interactive Search v. BrassRing matter as to the invalidity and unenforceability of the '939 patent; evidence relating to any damages theory of Plaintiff, including alleged lost sales, reasonable royalties, and any communications with any party regarding the value and/or strengths/weaknesses of the patents in suit; the inventors' conception and reduction to practice of the claimed invention; Kenexa's and BrassRing's ownership of the patents in suit; Kenexa's enforcement and/or licensing activities; noninfringing alternatives to the patents in suit; and Kenexa's misrepresentations regarding Vurv's goods, services, and business.

(b)     All fact discovery shall be commenced in time to be completed by August 21, 2009.

(1)     Document production shall be completed on or before March 6, 2009, absent a showing of need or agreement of the parties.

(2)     Maximum of thirty (30) interrogatories by each party to any other party.

(3)     In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later

than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4)  Maximum of <u>thirty (30) requests for admission</u> by each party to any other party.

    (5)  In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6)  Absent a showing of need or agreement of the parties, and exclusive of any depositions noticed under Fed. R. Civ. P. 30(b)(6) to a party, there shall be a maximum of <u>ten (10) fact depositions</u> by Plaintiffs and <u>ten (10) fact depositions</u> by Defendants. The deposition of each fact witness and each Fed. R. Civ. P. 30(b)(6) designee shall be limited to a maximum of <u>seven (7) hours</u>, unless extended by agreement of the parties or by court order.

  (c)  Expert discovery shall be commenced in time to be completed by <u>March 12, 2010</u>.

    (1)  Expert reports on issues for which the parties have the burden of proof due <u>October 2, 2009</u>. Rebuttal expert reports due <u>November 20, 2009</u>.

    (2)  Expert depositions to be limited to a maximum of <u>seven (7) hours</u> unless extended by agreement of the parties.

    (3)  All Daubert motions shall be filed on or before <u>April 23, 2010</u>.

  (d)  If willfulness has been asserted and absent agreement among the parties, the Defendants must inform Plaintiffs as to whether they intend to rely on advice of counsel by

November 14, 2008. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendants to their counsel and whatever other materials related to the issues in dispute that Defendants had in their possession at the time the advice was sought.

(e) <u>Supplementations under Rule 26(e) due no later than forty-five (45) days before the close of discovery.</u> The parties shall not be relieved of their duty or denied the opportunity to otherwise supplement their disclosures as may be permitted or required by Fed. R. Civ. P. 26(e).

(f) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on <u>June 12, 2009</u>, from _____ to _____, the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it

intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before March 20, 2009.

4. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on April 3, 2009. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before May 21, 2010. Responsive briefing shall be served and filed on or before June 25, 2010. Reply briefing shall be served and filed on or before July 24, 2010. No summary judgment motion may be filed more than **ten (10)** days from May 21, 2010 without leave of the court.

7. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art

that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on <u>April 9, 2010</u>, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on <u>May 21, 2010</u>. Simultaneous response briefs should be filed by <u>June 25, 2010</u> and reply briefing should be filed by <u>July 24, 2010</u>. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on <u>August 20, 2010</u> at _____.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

-7-

10. **Pretrial Conference.** A pretrial conference will be held on October 4, 2010 at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a two (2) week jury trial commencing on November 1, 2010 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Sue L. Robinson
United States District Judge
